UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERESA ARELLANO, | ) | CASE NO. ED CV 05-00855 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

The second of Plaintiff's two challenges to the underlying fifth-step denial of disability benefits is that the Administrative Law Judge relied upon the vocational expert's answer to a hypothetical question that failed to include all of Plaintiff's ailments. For the vocational expert's opinion to stand as substantial evidence in support of the decision, the hypothetical question to which she gave an answer must include all significant limitations. *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988).  Here, Plaintiff's residual functional capacity, as found by the Administrative Law Judge, restricted her from jobs requiring repetitive pushing or pulling with either upper extremity. Administrative Record (AR) 341 (Finding 5). The hypothetical question posed to the vocational expert did not include this particular limitation, although it included several others. *See* AR 429-31, 434. It is unclear whether the vocational expert still would have opined that Plaintiff could perform work as a bench assembler, hand packager and/or optical assembly worker if the

1 hypothetical question had included this restriction. (It is also possible that the restriction
2 was erroneously included in the Administrative Law Judge's written opinion, for although
3 the judge otherwise appeared to adopt the medical expert's assessment of Plaintiff's
4 restrictions, the no-frequent-pushing-or-pulling restriction was not included in that
5 assessment, and instead apparently appears for the first time in the opinion denying
6 benefits. *Compare* AR 341 (Finding 5) *with* AR 429-31, 34.)  Accordingly, remand is
7 required.

Given the Court's determination to remand, the Court expresses no opinion as to the other issue raised by Plaintiff, namely an allegedly improper deviation from the DICTIONARY OF OCCUPATIONAL TITLES. On remand proceedings, however, Defendant may wish to take that argument into consideration.

For the foregoing reasons, the matter is REVERSED AND REMANDED for further proceedings consistent with this Order.

DATED: January 17, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE